Filed 3/24/25  P. v. Jackson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101170 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE020421) |
| v. | |
| STEPHEN JACKSON, | |
| Defendant and Appellant. | |

Defendant Stephen Jackson appeals from a postconviction order denying his resentencing petition under Penal Code section 1172.6.[1]  Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and asking this court to conduct an independent review of the record.  Jackson filed a supplemental brief challenging the

---

[1] Undesignated statutory references are to the Penal Code.

1

denial of his section 1172.6 petition and raising numerous claims of trial error.  We affirm.

BACKGROUND

In 2022, a jury found Jackson guilty of first degree murder (§ 187, subd. (a)) and found true that he personally used a deadly weapon (§ 12022, subd. (b)(1)).  The trial court sentenced Jackson to an aggregate term of 26 years to life.

In 2024, Jackson petitioned for resentencing pursuant to section 1172.6, claiming that he could not presently be convicted of murder due to legislative changes to murder liability that went into effect in 2019.  The trial court denied his petition at the prima facie stage for two reasons.  First, the court explained, Jackson was convicted of first degree murder in 2022 after the legislative changes to murder liability had already taken effect.  Therefore, the jury had not been instructed on either the natural and probable consequences doctrine or a felony-murder theory, and Jackson could still be convicted of murder today.  Second, the evidence at trial established that Jackson was the actual killer.  Jackson timely appealed in May 2024.  His opening brief was filed in December 2024, and his case became fully briefed on December 23, 2024.

DISCUSSION

Appellate counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232; *People v. Wende*, *supra*, 25 Cal.3d 436.)  Jackson was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  Jackson filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous."  (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.)  The *Wende* procedure applies "to the first appeal as of right and is

2

compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, explaining that when a defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.) But the filing of a supplemental brief does not compel the court to independently review the entire record to identify unraised issues, though it may exercise its discretion to do so. (*Ibid.*)

We decline to conduct an independent review of the record. In his supplemental brief, Jackson argues that his "second" section 1172.6 petition was not barred because the trial court did not have the opportunity to consider "additional information." That "additional information" concerns various issues from his trial, including that: (1) an officer was told that someone thought Jackson might have been stabbed; (2) Jackson was injected with testosterone before the day in question and this fact could have given insight into his thought process; (3) he was a veteran and suffered head injuries and concussions while he served; (4) one of the People's witnesses perjured herself; and (5) defense counsel could have more effectively cross-examined certain witnesses. None of these points pertain to the legal reasons why the court denied Jackson's section 1172.6 petition. Nor are they relevant to that petition, as section 1172.6 does not permit defendants to seek relief on claims of trial error. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) Accordingly, Jackson has not established that the trial court erred in denying his petition.

## DISPOSITION

The order denying Jackson's section 1172.6 petition is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
KRAUSE, Acting P. J.

/s/
WISEMAN, J.*

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4